## KISLING v. JOHNSON et al.

THE authority of the Board of Commissioners, under the Act of May 1st, 1855, relative to a sale of the State's interest in the water line front of the city of San Francisco, as defined by the Act of March 26th, 1851, is limited to the property within the boundaries defined by the Act ; and a sale by them of lots not within those boundaries, is a nullity, and cannot constitute cloud of title. Hence an injunction against such sale will not lie.

APPEAL from the Twelfth District.

Bill in equity to restrain defendants from selling a certain lot of land in the city and county of San Francisco, bounded on one side by Mission Creek, and the other sides by Tracy Street, Harrison Street, and Thorne Street, on the ground that plaintiff was

the owner and in possession; that the defendants, as a Board of Commissioners in behalf of the State, had advertised, and were about to sell, said lot; that such sale would involve plaintiff in numerous lawsuits with his tenants, and with the purchasers, who might be many, by a subdivision of the lot; that the sale by defendants would be unlawful, would greatly damage and irreparably injure plaintiff, and cast a cloud on his title.

Court below granted the injunction, and defendants appeal.

*Thos. H. Williams,* Attorney-General, for Appellant, cited : (4 Cal. 247; 8 Cal. 461, and Cases cited; 9 Cal. 204; 14 Johns. 57; 12 Wend. 224; Wood's Dig. 519 to 525 inclusive; 4 Cal. 397.)

*Wm. J. Shaw,* for Respondent.

The *locus in quo* is not within the boundaries of the Act of March 26th, 1851, defining the water line front of the city of San Francisco, and the defendants had no power to sell under the Act of May 1st, 1855.

Such sale being unlawful may be restrained.   (Story's Agency, Secs. 320, 321, Notes, 307, 307*a;* 1 Wilson's Rep. 328; 1 Bosanquet & Puller, 410 ; Story's Eq. Jurisp. Sec. 955*a.*)

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

Defendants were by the Act of May 1st, 1855, authorized to dispose of the interest of the State in the property within the water line front of the city of San Francisco, as defined by the "Act to provide for the disposition of certain property of the State of California," passed March 26, 1851.   Their authority was limited to the property within the boundaries defined by the Act, and it is clearly shown that the lots in question are not included within those boundaries.   Any disposition of them by the defendants would be a mere nullity, and could vest no right in a purchaser, which would constitute a cloud upon plaintiff's title.

Plaintiff could receive no injury from such sale, and was not entitled to an injunction.

Judgment reversed.